IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-03481-CMA-STV

A.L., a minor, by and through his guardians and natural parents as next friends,
MIRANDA LUCHSINGER and RALPH LUCHSINGER,

    Plaintiff,

v.

JENNAE PITTS, and
FORT CARSON FAMILY HOUSING, LLC,

    Defendants.

## ORDER DENYING MOTION TO AMEND NOTICE OF REMOVAL AND GRANTING MOTION TO REMAND

This matter is before the Court on Plaintiff's Motion to Remand (Doc. # 22) and Defendant Fort Carson Family Housing, LLC's ("FCFH") Motion to Amend Notice of Removal (Doc. # 34). For the following reasons, the Court denies FCFH's Motion to Amend and grants the Motion to Remand.

### I.    BACKGROUND

This case arises from a dog bite incident at Fort Carson Army Base in Colorado. (Doc. # 22 at 1.) Plaintiff A.L., by and through his guardians and natural parents as next friends, Miranda Luchsinger and Ralph Luchsinger, commenced this lawsuit in El Paso County District Court, Colorado, on November 17, 2021. (Doc. # 1-4.) The complaint

alleges claims for negligence and violation of the premises liability statute, Colo. Rev. Stat. § 13-21-115. *See generally* (Doc. # 3.)

On December 29, 2021, Defendant FCFH filed a Notice of Removal in this Court on the basis of diversity jurisdiction. (Doc. # 1.) On January 3, 2022, United States Magistrate Judge Kathleen M. Tafoya ordered Defendants to show cause as to why the case should not be remanded to the El Paso County District Court due to lack of subject matter jurisdiction. (Doc. # 11.) Specifically, Judge Tafoya noted that FCFH, as a limited liability company, failed to identify the citizenship of all of its members for purposes of ascertaining diversity. (*Id.*) FCFH filed a Response indicating that it had three members: (1) BBC Military Housing-Fort Carson LLC, a Delaware limited liability company; (2) BBC/Army Integrated LLC, a Delaware limited liability company; and (3) the United States of America, acting by and through the Department of the Army. (Doc. # 19.) FCFH further indicated that its LLC members were owned by other Delaware entities or the Department of the Army. (*Id.* at 2.) On this basis, Judge Tafoya discharged the Order to Show Cause on January 19, 2022. (Doc. # 20.)

Plaintiff filed the instant Motion to Remand to State Court on January 28, 2022. (Doc. # 22.) Therein, Plaintiff argues that the Court lacks subject matter jurisdiction because the United States is a member of FCFH and destroys complete diversity. (*Id.* at 4.) FCFH filed a Response on February 18, 2022 (Doc. # 24), and Plaintiff filed a Reply on February 22, 2022. (Doc. # 27).

The next day, FCFH filed a "Supplemental Response" (Doc. # 28) contending that this Court also has federal question jurisdiction because the claim arises from an

2

alleged incident in a federal enclave. Plaintiff responded on March 2, 2022, arguing that the Court should disregard the Supplemental Response as an improper sur-reply filed without seeking leave of the Court. (Doc. # 32.) In addition, Plaintiff contends that FCFH's assertion of federal question jurisdiction should be rejected as untimely.

FCFH filed a Motion to Amend Notice of Removal (Doc. # 34) on March 2, 2022, requesting the Court grant leave to amend the Notice of Removal pursuant to 28 U.S.C. § 1653 to assert federal question jurisdiction. Plaintiff filed a Response opposing FCFH's Motion to Amend (Doc. # 37), and FCFH submitted a Reply (Doc. # 38).

## II.   APPLICABLE LEGAL PRINCIPLES

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." The party invoking federal jurisdiction bears the burden of establishing jurisdiction as a threshold matter. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Further, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

Federal courts have jurisdiction over cases in which there is complete diversity of citizenship and the amount of controversy exceeds $75,000. 28 U.S.C. § 1332(a). § 1332(a) requires "complete diversity," *i.e.*, no plaintiff may be the citizen of a state of which any defendant is also a citizen. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S.

365, 373–74 (1978). In determining the citizenship of an unincorporated association, such as an LLC, for purposes of diversity, federal courts must include all the entity's members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 197 (1990)). When a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332(a) have been satisfied. *Martin v. Franklin Cap. Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

### III.     DISCUSSION

**A.     FCFH'S MOTION TO AMEND NOTICE OF REMOVAL**

FCFH requests that the Court allow it to amend its Notice of Removal pursuant to 28 U.S.C. § 1653 to include federal question jurisdiction as a basis for subject matter jurisdiction in this case. (Doc. # 34.) Plaintiff argues that the Motion to Amend should be denied because FCFH's attempt to assert an entirely new basis for jurisdiction is not timely. (Doc. # 37.)

28 U.S.C. § 1446(b) requires that a notice of removal must be filed "within 30 days" after the defendant receives a copy of the initial complaint "by service or otherwise." During that period, the defendant may freely amend the notice of removal. After the expiration of the 30-day period set forth in § 1446(b), the removing party may seek to amend its notice of removal pursuant to 28 U.S.C. § 1653, which states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." In reviewing the purpose of § 1653, the Supreme Court clarified that it

4

is intended to address "only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989); *see also Daneshvar v. Graphic Tech., Inc.*, 237 F. App'x 309, 314–15 (10th Cir. 2007) ("The purpose of § 1653 is 'to avoid dismissals on technical grounds.'" (quoting *Brennan v. Univ. of Kan.*, 451 F.2d 1287, 1289 (10th Cir. 1971))) (unpublished).

Plaintiff served FCFH on December 1, 2021 (Doc. # 1 at 2), so the 30-day removal deadline in this case was December 31, 2021. FCFH timely filed its Notice of Removal solely on the basis of diversity jurisdiction on December 29, 2021.[1] (*Id.*) Nearly two months after the 30-day removal deadline, on February 23, 2022, FCFH raised federal question jurisdiction for the first time in its "Supplemental Response" to Plaintiff's Motion to Remand. (Doc. # 28.) FCFH then filed its Motion to Amend pursuant to 28 U.S.C. § 1653 on March 2, 2022. (Doc. # 34.) FCFH argues, and Plaintiff concedes, that federal question jurisdiction exists because the dog bite incident occurred in a federal enclave. (Doc. # 34 at 2; Doc. # 37 at 7); *see Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) ("Personal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as part of federal question jurisdiction."). The parties disagree, however, as to whether such an amendment of the Notice of Removal is permissible at this juncture.

Although the Tenth Circuit has not addressed the precise question raised by this case, several courts have addressed the "tension" between the removal statute and §

---

[1] In its Civil Cover Sheet, FCFH selected "diversity" as the only basis of jurisdiction. (Doc. # 1-1.)

1653 "providing for a thirty-day window on the one hand and amendment on the other."[2] *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014). The majority of courts appear to agree that after 30 days, "district courts have discretion to permit amendments that correct allegations already present in the notice of removal," such as "technical changes" relating to the grounds for diversity jurisdiction. *Id.* However, "[c]ourts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis." *Id.*; *see ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't.*, 213 F.3d 1108, 1117 (9th Cir. 2000) ("The Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.'" (quoting *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988))); *Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191, 1196 (N.D. Cal. 2013) ("The notice of removal cannot be amended to add new bases for removal after the thirty day removal period has run, nor can a defendant present new grounds for removal for the first time in opposition to a motion for remand."); *Samori v. Ralphs Grocery Co.*, No. 1:20-CV-02001, 2021 WL 1212798, at *4 (N.D. Ill. Mar. 31, 2021) ("[A] removing defendant may not, after the 30-day deadline has passed, add new or different **grounds** for federal jurisdiction than those stated in the original notice.").

This Court agrees that removing defendants "are not allowed to switch jurisdictional horses midstream" through the mechanism of § 1653. *Lopez v. Walker Stainless Equip. Co., LLC*, 431 F. Supp. 3d 1253, 1255 (D.N.M. 2020) (quoting *New*

---

[2] Defendant argues that *Daneshvar* supports its proposition that § 1653 may be used "to permit amendment of defective allegations of diversity or federal-question jurisdiction." 237 F. App'x at 315. However, *Daneshvar* is inapposite because it does not address removal.

*Mexico ex rel. Balderas v. Valley Meat Co., LLC*, No. CIV 14-1100 JB/KBM, 2015 WL 3544288, at *25 (D.N.M. May 20, 2015)). Stated differently, "if a removal notice invokes one ground, like federal-question jurisdiction, after the 30-day period expires, the removing defendant may not switch gears and invoke diversity jurisdiction." *Samori*, 2021 WL 1212798, at *4; *see also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3733 (Rev. 4th ed.) ("[D]efendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proferred basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon."). Because FCFH failed to timely assert federal question jurisdiction as a basis for removal, § 1653 does not provide an avenue for it to do so now.

For these reasons, the Court denies FCFH's Motion to Amend. (Doc. # 34.)

**B.     MOTION TO REMAND**

Plaintiff moves to remand this case to state court on the basis that there is not complete diversity of parties. (Doc. # 22 at 3.) Specifically, Plaintiff argues that FCFH is a limited liability company with the United States as one of its members, and the "United States is not a citizen for diversity purposes." *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991). FCFH "does not dispute that the United States is not a citizen for diversity purposes." (Doc. # 24 at 2.) However, FCFH argues that the presence of the United States as a member should be irrelevant to determination of citizenship for diversity purposes or the United States should be disregarded as a nominal party. (*Id.* at 2–3.)

28 U.S.C. § 1332(a) provides that the district courts shall have jurisdiction in actions between "citizens of different states."  Because the "United States is not a citizen for diversity purposes," *Corcoran*, 921 F.2d at 703, courts have found an absence of diversity jurisdiction where the United States or one of its agencies is a party. *See Com. Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993) ("It is well established . . . that the United States is not a citizen for diversity purposes and that 'U.S. agencies cannot be sued in diversity.'" (quoting *Corcoran*, 921 F.2d at 703)). This principle applies when the United States or one of its agencies is a member of an LLC because an unincorporated association "takes the citizenship of all of its members." *Siloam Springs*, 781 F.3d at 1234; *see Ambac Assur. Corp. v. Fort Leavenworth Frontier Heritage Cmtys.*, 315 F.R.D. 601, 609 (D. Kan. 2016) ("[W]hen the Secretary of the Army is a member of an LLC, diversity jurisdiction does not exist."). Accordingly, the Court disagrees with FCFH that the presence of the United States is "irrelevant" to diversity jurisdiction; rather, the United States is a party that destroys complete diversity.

FCFH argues that the Court should nevertheless disregard the United States as a "nominal" party. (Doc. # 24 at 3.) "A 'nominal' party is one 'without any substantial interest in the controversy.'" *Standard Bank PLC v. Vero Ins. Ltd.*, No. 08-cv-2127-PAB-KLM, 2009 WL 4730474, at *5 (D. Colo. Dec. 7, 2009) (quoting *Oklahoma ex rel. Williams v. Okla. Nat. Gas Corp.*, 83 F.2d 986, 988 (10th Cir. 1936)). The Supreme Court has held that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980). However, FCFH provides no authority

supporting its proposition that a member of an unincorporated association may be disregarded as a "nominal" party. To the contrary, this Court is bound by well-established precedent mandating that "diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of 'all the members'" of that entity. *Carden*, 494 U.S. at 195 (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)); *see also Siloam Springs*, 781 F.3d at 1237–38 ("Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). Moreover, the Supreme Court expressly "reject[ed] the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members." *Carden*, 494 U.S. at 195. This Court therefore cannot "disregard" one of FCFH's members to determine diversity.

FCFH is an unincorporated association with the United States of America, acting by and through the Department of the Army, as one of its members. Accordingly, there is not diversity among the parties, and this Court lacks subject matter jurisdiction. This action must therefore be remanded to state court.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Defendant FCFH's Motion to Amend Notice of Removal (Doc. # 34) is DENIED; and

- Plaintiff's Motion to Remand to State Court (Doc. # 22) is GRANTED.

- Accordingly, this case is REMANDED to the Colorado State District Court for El Paso County, Colorado, for further proceedings.

DATED: August 23, 2022

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
Senior United States District Judge